# EXHIBIT A

GOV. COMM. *19-231*
(HOUSE)



# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

**Ralph DLG. Torres**
Governor

**Victor B. Hocog**
Lieutenant Governor

The Honorable Rafael S. Demapan
Speaker, House of Representatives
Nineteenth Northern Marianas
Commonwealth Legislature
Saipan, MP 96950

The Honorable Francisco M. Borja
Senate President, The Senate
Nineteenth Northern Marianas
Commonwealth Legislature
Saipan, MP 96950



Dear Mr. Speaker and Mr. President:

This is to inform you that I have signed into law **House Bill No. 19-181, SS1,** entitled, "To provide for the possession and management of firearms in the commonwealth," which was passed by the House of Representatives and the Senate of the Nineteenth Northern Marianas Commonwealth Legislature.

This bill becomes **Public Law No. 19-73**. Copies bearing my signature are forwarded for your reference.

Sincerely,

**RALPH DLG. TORRES**

HOUSE CLERK'S OFC
RECEIVED BY
DATE 12/5/16 TIME 2:08 pm

cc:    Lt. Governor; Attorney General's Office; Department of Public Safety; CNMI Superior Court; CNMI Supreme Court; Board of Parole; Homeland Security & Emergency Management Office; Office of Adult Probation; Department of Finance; Department of Fish & Wildlife; Commonwealth Ports Authority; Public Auditor; Special Assistant for Administration; Special Assistant for Programs and Legislative Review

Caller Box 10007 Saipan, MP 96950  Telephone: (670) 237-2200  Facsimile: (670) 664-2211/2311

Public Law No. 19-73



*Nineteenth Legislature*
*of the*
*Commonwealth of the Northern Mariana Islands*

## IN THE HOUSE OF REPRESENTATIVES

**Fifth Special Session**

**July 14, 2016**

**Representative Glenn L. Maratita**, of Rota, Precinct 7 (*for himself,*) in an open and public meeting with an opportunity for the public to comment, introduced the following Bill:

---

# H. B. No. 19-181, SS1

## AN ACT

## TO PROVIDE FOR THE POSSESSION AND MANAGEMENT OF FIREARMS IN THE COMMONWEALTH.

---

The Bill was referred to the House Committee on Judiciary, Government and Law, which submitted Standing Committee Report 19-140; adopted 9/15/16.

**THE BILL WAS PASSED BY THE HOUSE OF REPRESENTATIVES ON
FIRST AND FINAL READING, SEPTEMBER 15, 2016;**
*without amendments* and transmitted to the
**THE SENATE.**

The Bill was not referred to a Senate Committee.
**THE BILL WAS PASSED BY THE SENATE ON FIRST AND FINAL READING, OCTOBER 19, 2016;**
*with amendments* in the form of H. B. 19-181, SS1 *and was returned to*
**THE HOUSE OF REPRESENTATIVES.**

The House of Representatives accepted the Senate amendments and passed H. B. 181, SS1 during its
Eighth Day, Fourth Regular Session on November 10, 2016.

**THE BILL WAS FINALLY PASSED ON NOVEMBER 10, 2016.**

_____
Linda B. Muña, House Clerk

Public Law No. 19-73



*Nineteenth Legislature*
*of the*
*Commonwealth of the Northern Mariana Islands*

## IN THE HOUSE OF REPRESENTATIVES

**Eighth Day, Fourth Regular Session**
**November 10, 2016**

# H. B. No. 19-181, SS1

## AN ACT

## TO PROVIDE FOR THE POSSESSION AND MANAGEMENT OF FIREARMS IN THE COMMONWEALTH.

**Be it enacted by the Nineteenth Northern Marianas Commonwealth Legislature:**

1    **Section 1. <u>Short Title</u>**. This Act may be cited as the "Second Special Act for
2    Firearms Enforcement ("SAFE II")."

3    **Section 2. <u>Findings and Purpose</u>**. On March 28, 2015, the United States District
4    Court for the District of the Northern Mariana Islands held that the Second Amendment
5    applies to the Commonwealth.   The Legislature strongly disagrees with the current
6    interpretation of the Second Amendment, and strongly believes that handguns are neither
7    necessary nor desirable in our peaceful community.   However, the members of the
8    Legislature took a solemn oath to uphold the Constitution and Laws of the Commonwealth,
9    the Covenant, and the applicable provisions of the Laws and Constitution of the United
10   States, and will adhere to that oath.  On April 6, 2016, Senate Bill 19-94, SD1 HD10, the
11   Special Act for Firearms Enforcement ("SAFE I") was passed by the Legislature. It was
12   transmitted and signed into law by the Governor on April 11, 2016. SAFE I enacted special
13   provisions to regulate the use of firearms within the bounds of the Second Amendment,
14   carefully borrowing legislation that has survived Second Amendment scrutiny from other

Public Law No. 19-73

HOUSE BILL 19-181, SS1

jurisdictions. SAFE also created Gun Free Zones and codified new crimes relating to firearms.

While the current registration provisions of the Weapons Control Act remain in effect, the Legislature finds there is a pressing need to enact new provisions for the registration of firearm owners and individual firearms in order to keep firearms out of the hands of individuals such as felons, drug addicts, sexual predators, and perpetrators of domestic violence. The Legislature further finds that the introduction of handguns to the Commonwealth creates a pressing need to join the National Instant Criminal Background Check System (NICBCS) and to coordinate with other U.S. jurisdictions in order to provide effective background checks on individuals wishing to be permitted to own firearms. The safety and welfare of the people of the Commonwealth is paramount, and must be protected.

In drafting this legislation, the Legislature relied on statutory schemes from Illinois and Washington, D.C., specifically the Illinois Firearm Owners Identification Card Act, 430 Ill. Comp. Stat. Ann. 65/0.01 to 65/16-3, and the Washington, D.C. Firearms Registration Amendment Act of 2008, D.C. Code Ann. §§ 7-2502.01 to 7-2502.14, Firearm Vendor Licensing Act, D.C. Code Ann. §§ 7-2504.01 to 7-2504.10, Sale and Transfer of Firearms, Destructive Devices, and Ammunition Act, D.C. Code Ann. §§ 7-2505.01 to 7-2505.04. The Legislature also relied on the interpretation of the Washington, D.C. legislation in *Heller v. District of Columbia* (*Heller II*), 670 F.3d 1244 (D.C. Cir. 2011) and *Heller v. District of Columbia* (*Heller III*), 801 F.3d 264, 269 (D.C. Cir. 2015). In particular, the Legislature finds that it is necessary for individuals who wish to purchase a firearm to take a course on firearm safety and the Commonwealth's laws relating to purchasing, selling, storing, transporting, and legally discharging firearms. This test will advance the Commonwealth's compelling interest in public safety by ensuring that individuals have learned firearm safety and how they can conform their conduct to the laws of the Commonwealth. The Legislature's express goal is to protect the lives, safety, and welfare of the People of the Commonwealth by creating a strict registration schemes, which comply with the Second Amendment, for the licensing of firearm owners, licensing and regulation of firearm vendors, and the registration of individual firearms in the Commonwealth.

2

HOUSE BILL 19-181, SS1

**Section 3.** **Repealer**. 6 CMC §§ 2201 through 2230, and 2303(b), of the Commonwealth Code are hereby repealed.

**Section 4. Amendment.** Subject to codification by the Law Revision Commission, Title 6, Division 10 is amended by adding Chapter 6, which shall read as follows:

"Chapter 6. Firearms Owners Identification Card Act.

§601. Firearm Owner's Identification Card Requirement and Exceptions.

(a) No person may acquire or possess any firearm within the Commonwealth without having in his or her possession a current Firearm Owner's Identification Card previously issued in his or her name by the Department of Public Safety under the provisions of this Division.

(b) No person may acquire or possess firearm ammunition within the Commonwealth without having in his or her possession a current Firearm Owner's Identification Card previously issued in his or her name by the Department of Public Safety under the provisions of this Division.

(c) The provisions of this Division regarding the possession of firearms and firearm ammunition shall not apply to:

(1) Any duly sworn law enforcement officer of the United States, while engaged in the operation of their official duties;

(2) Members of the Armed Forces of the United States or the National Guard, while engaged in the operation of their official duties;

(3) A common carrier, warehouseman, or other person engaged in the business of transporting or storing goods, to the extent that the possession or receipt of any firearm is in the ordinary course of business and not for the personal use of any such person;

(4) A person being loaned a firearm solely for the purpose of shooting at targets, if the loan occurs on the premises of a properly licensed target facility, and the firearm is at all times kept within the premises of the target range;

(5) A person who has acquired a firearm by operation of law upon the death of the former owner of the firearm within the preceding 60 days;

HOUSE BILL 19-181, SS1

(6) A person lawfully transporting a firearm through the Commonwealth in accordance with 18 U.S.C. § 926A; or

(7) Federal officials required to carry firearms, while engaged in the operation of their official duties;

(8) Members of bona fide veterans' organizations which receive firearms directly from the armed forces of the United States, while using the firearms for ceremonial purposes with blank ammunition;

(9) Color guards of bona fide veterans' organizations or members of bona fide American Legion bands while using firearms for ceremonial purposes with blank ammunition;

(10) Any person who temporarily possesses a firearm while participating in a firearms training and safety class conducted by a firearms instructor.

(d) Each applicant for a Firearm Owner's Identification Card must:

(1) Make application on blank forms prepared and furnished by the Department of Public Safety, or by electronic means, if and when made available by the Department of Public Safety; and

(2) Be accompanied by a nonrefundable fee to be established by the Department of Public Safety; provided, that such fee shall, in the judgment of the Department of Public Safety, reimburse the Department for the cost of services provided under this Division;

(3) Submit evidence to the Department of Public Safety that:

(A) The applicant is 21 years of age or over, unless

(i) the applicant is serving in the Armed Forces of the United States or was honorably discharged therefrom; or

(ii) the applicant is defined as law enforcement under Chapter 1 of this Division;

(B) The applicant has not been convicted of, and is not charged with, a crime punishable by imprisonment for more than one year under the laws of this or any other jurisdiction;

4

(C) The applicant is not addicted to a controlled substance;

(D) The applicant has not been a patient in a mental health facility within the past 5 years or, if the applicant has been a patient in a mental health facility more than 5 years ago, submit the certification required under § 610(b) of this Division;

(E) The applicant is not intellectually disabled as defined in § 101(u) of Public Law 19-42;

(F) The applicant is not an alien who is unlawfully present in the United States under the laws of the United States;

(G) The applicant is not an alien who has been admitted to the United States under a non-immigrant visa (as that term is defined in Section 101(a)(26) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(26));

(H) The applicant is not subject to an existing order of protection in this or any other jurisdiction;

(I) He or she has not been convicted of violating an order of protection or a substantially similar offense in this or another jurisdiction;

(J) The applicant has not been convicted of, and is not currently facing charges for, for an act of violence or an act involving a firearm under the laws of this or any other jurisdiction;

(K) The applicant has not been convicted within 10 years prior to the application of any:

(i) Violation in any jurisdiction of any law restricting the use, possession, or sale of any controlled substance, or dangerous drug;

(ii) Two or more violations of 9 CMC § 7105, or, in this or any other jurisdiction, any law restricting the operation of a motor vehicle or vessel under the influence of alcohol or drugs;

Public Law No. 19-73

HOUSE BILL 19-181, SS1

(L) The applicant has not been convicted of battery, assault, or a substantially similar offense in this or another jurisdiction, in which a firearm was used or possessed;

(M) The applicant is not currently charged with and has not been convicted of an act involving domestic violence as defined by Commonwealth law, or a substantially similar offense in another jurisdiction, or an offense involving domestic violence in another jurisdiction;

(N) The applicant is not currently charged with and has not been convicted of stalking as defined by Commonwealth law, or a substantially similar offense in another jurisdiction, or an offense involving domestic violence in another jurisdiction;

(O) The applicant is not prohibited from acquiring or possessing firearms or firearm ammunition by federal law, including the prohibitions against persons convicted of crimes of domestic violence under 18 U.S.C. § 922;

(P) The applicant is not prohibited from acquiring or possessing firearms or firearm ammunition by court order;

(Q) The applicant is not an adult who had been adjudicated in accordance with the Juvenile Justice Act for the commission of an offense that if committed by an adult would be a felony;

(R) The applicant is a resident of the Commonwealth;

(S) The applicant has not been adjudicated as a mentally disabled person;

(T) The applicant has not been involuntarily admitted into a mental health facility within the past five years; and

(U) The applicant is not developmentally disabled as defined by § 101(o) of Public Law 19-42; and

(V) The applicant has not been discharged from the Armed Forces under dishonorable conditions;

## HOUSE BILL 19-181, SS1

(W) Upon request by the Department of Public Safety, sign a release on a form prescribed by the Department of Public Safety waiving any right to confidentiality and requesting the disclosure to the Department of Public Safety of limited mental health institution admission information from another state, the District of Columbia, any other territory of the United States, or a foreign nation concerning the applicant for the sole purpose of determining whether the applicant is or was a patient in a mental health institution and disqualified because of that status from receiving a Firearm Owner's Identification Card. No mental health care or treatment records may be requested. The information received shall be destroyed within one year of receipt.

(X) Each applicant for a Firearm Owner's Identification Card shall furnish to the Department of Public Safety either a Commonwealth driver's license number or Commonwealth Identification Card number, except as provided in subsection (d)(3)(Y) of this section.

(Y) Each applicant for a Firearm Owner's Identification Card, who is employed as a law enforcement officer or by the United States Military permanently assigned in the Commonwealth and who is not a Commonwealth resident, shall furnish to the Department of Public Safety a driver's license number or state identification card number from the applicant's state of residence.

(Z) The applicant is a citizen of the United States, a United States National, or a Lawful Permanent Resident of the United States.

(e) If an applicant for a Firearm Owner's Identification Card moves from the residence address named in the application, the applicant shall immediately notify in a form and manner prescribed by the Department of Public Safety of that change of address.

(f) Each applicant shall be fingerprinted in order to conduct an efficient and adequate investigation into the application and to effectuate the purposes of this

Division. The Department of Public Safety shall maintain a record of the fingerprints of sufficient quality to enable periodic investigation to ensure compliance with this Division.

(g) The Department of Public Safety shall take a digitalized, full-face photograph of each applicant, other than an organization, to be included as part of a person's application. The photo shall be taken simultaneously with the filing of the application.

(h) Each application form shall include the following statement printed in bold type: "Warning: Entering false information on an application for a Firearm Owner's Identification Card is punishable as a felony in accordance with §607 of SAFE II."

(i) Each applicant (the president or chief executive in the case of an organization) shall sign an oath or affirmation attesting to the truth of all the information required by this Chapter. Any declaration, certificate, verification, or statement made for purposes of this Chapter shall be made under penalty of perjury.

§ 602. Safety Training Requirement.

(a) An applicant for a Firearm Owners Identification Card must, as a condition for issuance of a license, provide proof of completion of a firearms safety training course that fulfills the following requirements:

(1) The firearms safety training course must be approved by the Department of Public Safety, any State or Territory of the United States, or the federal government; or

(2) Offered by the Department of Public Safety.

(b) The firearms safety training course must require instruction on:

(1) The safe use of firearms, including proper loading, unloading, and firing, and the proper engaging and disengaging of common firearm safety mechanisms;

(2) Methods for safely storing and securing firearms and ammunition and preventing child access to firearms and ammunition;

(3) Proper firearm care and cleaning;

8

HOUSE BILL 19-181, SS1

(4) If offered within the Commonwealth, applicable federal and Commonwealth laws relating to the purchase, sale, possession, transportation, carrying, and storage of firearms;

(5) If offered within the Commonwealth, Commonwealth laws pertaining to the use of deadly force for self-defense.

(c) A law enforcement agency or firearms instructor conducting a firearm safety training course in the Commonwealth intending to fulfill the requirements of this section shall:

(1) Make the course records for each applicant available to law enforcement upon request;

(2) Maintain all course records on students for a period of no less than six years from course completion date.

(d) A law enforcement agency or firearms instructor conducting a firearm safety training course in the Commonwealth shall not give a grade of passing to an applicant who:

(1) Refuses to follow the instructions of the firearms instructor or agency representative; or

(2) Despite appropriate instruction, handles a firearm in a manner that, in the judgment of the firearms instructor or agency representative, poses a danger to the applicant or to others.

§603. Written Safety Test. Before a Firearm Owner's Identification Card will be issued, each applicant must successfully complete a written test, created and administered by the Department of Public Safety, demonstrating knowledge regarding the topics listed in § 602 of this Chapter.

§604. Exemption to Safety Training Requirement and Written Exam.

The following individuals are exempt from the safety training class and written exam required by this Division.

(a) Current federal, state, or Commonwealth law enforcement officers who are required to own or possess a firearm while engaged in the operation of their official duties are exempt from § 602 and § 603 of this Chapter. Provided, that each law

HOUSE BILL 19-181, SS1

1   enforcement officer must submit an affidavit attesting to and describing their firearms

2   training.  The Department of Public Safety may require any current law enforcement

3   officer to participate in the training required by § 602 of this Chapter.

4         (b) Retired federal, state or Commonwealth law enforcement officers or

5   retired corrections officers who were required to own or possess a firearm while

6   engaged in the operation of their official duties prior to retirement are exempt from

7   § 602 and § 603of this Chapter.

8         (c) Any person currently serving or who has previously served in any branch

9   of the armed forces.

10        (d) Any person that possesses a firearm identification card issued pursuant to

11   the Weapons Control Act on the effective date of this Division.

12        (e) Any person that has taken a firearm safety class in the Commonwealth

13   prior to the effective date of this Division.

14        §605. <u>Approval or Denial of Application</u>.  The Department of Public Safety

15   shall either approve or deny all applications within 60 days from the date they are

16   received, unless good cause is shown, including nonreceipt of information from

17   sources outside the Commonwealth government.   The Department may hold in

18   abeyance an application where there is a revocation proceeding pending against such

19   person or organization.

20        §606. <u>Contents of Firearm Owner's Identification Card</u>.

21        (a) A Firearm Owner's Identification Card, issued by the Department of Public

22   Safety at such places as the Commissioner of the Department of Public Safety shall

23   specify, shall contain the applicant's name, residence, date of birth, sex, physical

24   description, recent photograph, and signature. Each Firearm Owner's Identification

25   Card must have the expiration date displayed on the face of the card.

26        (b) Each Firearm Owner's Identification Card must have printed on it the

27   following: "This card is only valid for firearm purchases through a federally licensed

28   firearms dealer when presented with photographic identification, as prescribed by

29   18 U.S.C. 922(t)(1)(C)."

(c) The Department of Public Safety is authorized to include any other information that it deems relevant on the Firearm Owner's Identification Card.

§607. Altered, Forged, Counterfeit Firearm Identification Cards and False Statements.

(a) It shall be a felony punishable by a fine of not more than $10,000 or imprisonment for not more than 10 years, or both for:

(1) Any person to forge or materially alter a Firearm Owner's Identification Card or to counterfeit a Firearm Owner's Identification Card.

(2) Any person to knowingly possess a forged or materially altered Firearm Owner's Identification Card.

(3) Any person to knowingly possess a counterfeit Firearm Owner's Identification Card.

(b) It shall be a felony punishable by a fine of not more than $10,000 or imprisonment for not more than 10 years, or both for any person to knowingly make a false or misleading statement of a material fact or omission of a material fact in any document submitted to the Department pursuant to this Division, the Firearm Registration Act, the Firearm Vendor Licensing Act, or the Firearm Carry Act.

§608. Duration of Firearm Owner's Identification Card.

(a) Except as otherwise provided by law, a Firearm Owner's Identification Card issued under the provisions of this Division shall be valid for the person to whom it is issued for a period of three years from the date of issuance.

(b) A member of law enforcement must apply for a new Firearm Owner's Identification Card if the person ceases to be a member of law enforcement.

§609. Background Check Required.

(a) The Department of Public Safety must complete a background check for any person who applies for a Firearm Owners Identification Card.

(b) National Instant Criminal Background Check System.

(1) The Department of Public Safety shall act as the Commonwealth Point of Contact for the National Instant Criminal Background Check System.

Public Law No. 19-73

HOUSE BILL 19-181, SS1

(2) The Department of Public Safety shall, in accordance with Commonwealth and federal law regarding confidentiality, enter into a memorandum of understanding with the Federal Bureau of Investigation, Bureau of Alcohol Tobacco, Firearms & Explosives, the Federal Bureau of Investigation's Criminal Justice Information Services, the National Crime Information Center, the National Criminal Justice Reference Service, the Brady Center to Prevent Gun Violence, Criminal Justice Information Center, or other responsible federal agencies or nongovernmental organizations, for the purpose of implementing the National Instant Criminal Background Check System in the Commonwealth. The Department of Public Safety shall report the name, date of birth, and physical description of any person prohibited from possessing a firearm pursuant to the Firearm Owners Identification Card Act or 18 U.S.C. 922(g) and (n) to the National Instant Criminal Background Check System Index, Denied Persons Files.

(3) To the extent possible, all information from any Commonwealth or local government agency that is necessary to complete a National Instant Criminal Background Check System check shall be provided to the Criminal Justice Information Center.

(c) The background check required by this section shall include a search of:

(1) The National Instant Criminal Background Check System of the Federal Bureau of Investigation;

(2) Commonwealth criminal history files;

(3) Commonwealth and federal records regarding wanted persons;

(4) Commonwealth and federal records of domestic violence restraining and protective orders;

(5) Commonwealth and federal records identifying persons who are unlawful users of or addicted to any controlled substance; and

(6) Any other available files of any federal, state, and local agency and other entity (private or public) in any jurisdiction likely to contain information

12

Public Law No. 19-73

HOUSE BILL 19-181, SS1

relevant to whether the applicant is prohibited from purchasing or possessing a firearm under federal, state, or local law.

§610. Grounds for denial and revocation.

(a) The Department of Public Safety has authority to deny an application for or to revoke and seize a Firearm Owner's Identification Card previously issued under this Division only if the Department finds that the applicant or the person to whom such card was issued is or was at the time of issuance:

(1) A person under 21 years of age, unless

(i) the applicant is serving in the Armed Forces of the United States or was honorably discharged therefrom; or

(ii) The applicant is defined as law enforcement under Chapter 1 of this Division;

(2) Has been convicted of, or is charged with, a crime punishable by imprisonment for more than one year under the laws of this or any other jurisdiction;

(3) A person addicted to a controlled substance;

(4) A person who has been a patient of a mental health facility within the past 5 years or a person who has been a patient in a mental health facility more than 5 years ago who has not received the certification required under subsection (b) of this section;

(5) A person whose mental condition is of such a nature that it poses a clear and present danger to the applicant, any other person or persons or the community;

(6) A person who is intellectually disabled;

(7) A person who intentionally makes a false statement in the Firearm Owner's Identification Card application;

(8) An alien who is unlawfully present in the United States under the laws of the United States;

Public Law No. 19-73

HOUSE BILL 19-181, SS1

(9) An alien who has been admitted to the United States under a non-immigrant visa (as that term is defined in Section 101(a)(26) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(26));

(10) Was convicted within 10 years prior to the application of any:

(A) Violation in any jurisdiction of any law restricting the use, possession, or sale of any narcotic or dangerous drug;

(B) Two or more violations of 9 CMC § 7105, or, in this or any other jurisdiction, any law restricting the operation of a motor vehicle or vessel under the influence of alcohol or drugs;

(11) A person who has been convicted of battery, assault, or a substantially similar offense in this or another jurisdiction, in which a firearm was used or possessed;

(12) A person who has been convicted of violating an order of protection or a substantially similar offense in this or another jurisdiction;

(13) A person who is charged with an act of violence or an act involving a firearm;

(14) A person who is currently charged with or has been convicted of an act involving domestic violence as defined by Commonwealth law, or a substantially similar offense in another jurisdiction, or an offense involving domestic violence in another jurisdiction;

(15) A person who is currently charge with or has been convicted of stalking as defined by Commonwealth law, or a substantially similar offense in another jurisdiction, or an offense involving stalking in another jurisdiction;

(16) Any person who is prohibited from acquiring or possessing firearms or firearm ammunition by federal law, including the prohibitions against persons convicted of crimes of domestic violence under 18 U.S.C. § 922;

(17) A person who is or was at the time of application or issuance subject to an existing order of protection;

14

HOUSE BILL 19-181, SS1

(18) A person who is prohibited from acquiring or possessing firearms or firearm ammunition by court order or Commonwealth law;

(19) An adult who had been adjudicated in accordance with the Juvenile Justice Act for the commission of an offense that if committed by an adult would be a felony;

(20) A person who is not a resident of the Commonwealth;

(21) A person who has been adjudicated as a mentally disabled person;

(22) A person who has been found to be developmentally disabled;

(23) A person involuntarily admitted into a mental health facility. A person who has been involuntarily committed within the past 5 years or a person who was involuntarily committed more than 5 years ago who has not received the certification required under subsection (b) of this section;

(24) A person who has been discharged from the Armed Forces under dishonorable conditions; or

(25) A person who is not a United States Citizen, United States National, or Lawful Permanent Resident of the United States.

(b) A person who has had his or her Firearm Owner's Identification Card revoked or denied under §601 (d) (3) (D) of this Chapter because he or she was a patient in a mental health facility as provided in subsection (a)(4) of this section or a person who was involuntarily committed as provided in subsection (a)(23) of this section, shall not be permitted to obtain a Firearm Owner's Identification Card, after the five-year period has lapsed, unless he or she has received a mental health evaluation by a physician, clinical psychologist, or qualified examiner, and has received a certification that he or she is not a clear and present danger to himself, herself, or others. The physician, clinical psychologist, or qualified examiner making the certification and his or her employer shall not be held criminally, civilly, or professionally liable for making or not making the certification required under this subsection. This subsection does not apply to a person whose firearm possession rights have been restored through administrative or judicial action pursuant to this Division.

(c) Upon revocation of a person's Firearm Owner's Identification Card, the Department of Public Safety shall provide notice to the person and the person shall comply with §614 of this Division.

§611. Notifications to the Department of Public Safety.

(a) The Commonwealth Superior Court shall, in the form and manner of its choosing, notify the Department of Public Safety of all final dispositions of cases which require the denial or revocation of a Firearm Owner's Identification Card.

(b) The Commonwealth Superior Court shall, in the form and manner of its choosing, notify the Department of Public Safety of any restraining order or court order requiring the denial or revocation of a Firearm Owner's Identification Card.

(c) If a person is involuntarily committed pursuant to the Involuntary Commitment Act or determined to pose a clear and present danger to himself, herself, or to others:

(1) by a physician, clinical psychologist, or qualified examiner, or is determined to be developmentally disabled by a physician, clinical psychologist, or qualified examiner, whether employed by the Commonwealth or privately, then the physician, clinical psychologist, or qualified examiner shall, within 24 hours of making the determination, notify the Department of Public Safety that the person was involuntarily committed, poses a clear and present danger, or is developmentally disabled; or

(2) by any other person, then the person may notify the Department of Public Safety and provide information regarding the clear and present danger.

(d) Upon receipt of the notification, the Department of Public Safety shall determine whether to revoke the person's Firearm Owner's Identification Card. Notwithstanding any provision of law to the contrary, including the Open Government Act, 1 CMC §§ 9901–9917, any information disclosed under this section shall remain privileged and confidential, and shall not be re-disclosed, unless required by court order. The method of providing this information shall guarantee that the information is not released beyond what is necessary for the purpose of this section. The identity of the person reporting under this section shall not be disclosed

1    to the subject of the report. The physician, clinical psychologist, qualified examiner,
2    law enforcement official, court official, school administrator, or other person making
3    the determination and his or her employer shall not be held criminally, civilly, or
4    professionally liable for making or not making the notification required under this
5    subsection, except for willful or wanton misconduct.
6        §612. National Instant Criminal Background Check System – Notice
7    Required. Notwithstanding §611, if the Department of Public Safety determines that
8    a person or organization is prohibited from acquiring or possessing a Firearm
9    Owner's Identification Card, under this Division or federal law, then the Department
10   shall notify the National Instant Criminal Background Check System and provide the
11   appropriate information within thirty days of its determination.
12       §613. Denial of Application or Revocation or Seizure of Card – Notice
13   Required. Every person whose application for a Firearm Owner's Identification Card
14   is denied, and every holder of such a Card whose Card is revoked or seized, shall
15   receive a written notice from the Department of Public Safety stating specifically the
16   grounds upon which his application has been denied or upon which his Identification
17   Card has been revoked. The written notice shall include the requirements of § 614 of
18   this Chapter and the person's right to administrative or judicial review under this
19   Chapter.
20       §614. Revocation of Firearm Owner's Identification Card.
21       (a) A person who receives a revocation notice under §610(c) of this Chapter
22   shall, within 24 hours, upon receipt of notice:
23           (1) surrender his or her Firearm Owner's Identification Card to the
24       Department of Public Safety or firearm vendor that is duly licensed under
25       Commonwealth or federal law. The Department shall provide the person a
26       receipt for the card;
27           (2) surrender his or her firearms to the Department of Public Safety
28       until the firearms can be transferred to another person or restored to the
29       owner;

17

(3) complete a Firearm Disposition Record on a form prescribed by the Department of Public Safety and place his or her firearms in the location or with the person reported in the Firearm Disposition Record. The form shall require the person to disclose the make, model, and serial number of each firearm owned by or under the custody and control of the revoked person;

(b) The Department of Public Safety shall provide a copy of the Firearm Disposition Record to the person whose Firearm Owner's Identification Card has been revoked.

(c) If the person whose Firearm Owner's Identification Card has been revoked fails to comply with the requirements of this Section, then the Department of Public Safety shall petition the court to issue a warrant to search for and seize the Firearm Owner's Identification Card and firearms in the possession or under the custody or control of the person whose Firearm Owner's Identification Card has been revoked.

(d) A violation of subsection (a) of §614 of this Chapter is a misdemeanor punishable by a fine of not more than $1000 or by imprisonment for not more than one year, or both.

(e) The observation of a Firearm Owner's Identification Card or firearm in the possession of a person whose Firearm Owner's Identification Card has been revoked constitutes a sufficient basis for the arrest of that person for violation of this section.

§615. Appeal; hearing; relief from firearm prohibitions.

(a) Whenever an application for a Firearm Owner's Identification Card is denied, whenever the Department fails to act on an application within 60 days of its receipt, or whenever such a card is revoked or seized as provided by this Chapter, the aggrieved party may appeal to the Department of Public Safety for a hearing upon such denial, revocation, or seizure; unless the denial, revocation, or seizure was based upon a court order, finding of domestic violence, possession of a controlled substance, or any felony violation, the aggrieved party may petition the Superior Court in writing for a hearing upon such denial, revocation, or seizure.

(b) At least 30 days before any hearing in the Superior Court, the petitioner shall serve the Office of the Attorney General and the Department of Public Safety

Public Law No. 19-73

HOUSE BILL 19-181, SS1

1    with a copy of the petition. The Office of the Attorney General may object to the
2    petition and present evidence. At the hearing the court shall determine whether the
3    denial, revocation, or seizure substantially complied with this Division.  Should the
4    court determine that the denial, revocation, or seizure was not done in substantial
5    compliance with this Division, then court shall issue an order directing the
6    Department of Public Safety to issue a Firearm Owner's Identification Card.
7    However, the court shall not issue the order if the petitioner is otherwise prohibited
8    from obtaining, possessing, or using a firearm under court order, Commonwealth law,
9    or federal law.

10            (c) The court shall review the denial of an application or the revocation of a
11    Firearm Owner's Identification Card of a person who has been adjudicated delinquent
12    for an offense that if committed by an adult would be a felony if an application for
13    relief has been filed at least 15 years after the adjudication of delinquency and the
14    court determines that the applicant should be granted relief from disability to obtain a
15    Firearm Owner's Identification Card.  The court may grant relief upon a determining
16    that clear and convincing evidence establishes that the person does not pose a threat to
17    the community.  If the court grants relief, the court shall notify the Department of
18    Public Safety that the disability has been removed and that the applicant is eligible to
19    obtain a Firearm Owner's Identification Card.

20            §616. Judicial Review of Final Administrative Decisions.    All final
21    administrative decisions of the Department under this Chapter to deny a person's
22    application shall be subject to judicial review under the provisions of the
23    Administrative Procedure Act and any rules and regulations adopted by the
24    Department of Public Safety pursuant thereto.

25            §617. Notice of Expiration.

26            (a) The Department of Public Safety shall, 60 days prior to the expiration of a
27    Firearm Owner's Identification Card, forward by first class mail to each person whose
28    card will expire, a notification of the expiration of the card.

29            (b) The failure of the Department of Public Safety to send the required
30    notification will not be a defense in any prosecution for the violation of this Chapter.

Public Law No. 19-73

HOUSE BILL 19-181, SS1

(c) It is the obligation of the holder of a Firearm Owner's Identification Card to notify the Department Public Safety of any address change since the issuance of the Firearm Owner's Identification Card.

(d) Any person whose legal name has changed from the name on the card that has been previously issued must apply for a corrected card within 30 calendar days after the change. The cost for a corrected card shall be an amount to be determined by regulation by the Department of Public Safety to recoup the costs associated with this subsection.

§618. Violation of this Chapter; Penalties.

(a) A violation of §601(a) or §601(b) of this Chapter is a felony punishable by a fine of no more than $5,000 or a term of imprisonment for not more than five years, or both, if:

(1) the person has never had a Firearm Owner's Identification Card revoked under §610; or

(2) the person's Firearm Owner's Identification Card is expired but the person is eligible for renewal under this Division; or

(3) the person does not possess a currently valid Firearm Owner's Identification Card, but the person is otherwise eligible for a Firearm Owner's Identification Card under this Chapter.

(b) Provided, however, that a violation of §601(a) or §601(b) of this Chapter, when the person's Firearm Owner's Identification Card is expired, but the person is not otherwise disqualified from owning, purchasing, or possessing firearms:

(1) is an infraction punishable by a fine of $500 if the card was expired for ninety calendar days or less from the date of expiration; or

(2) a misdemeanor punishable by a fine of $500 or a term of imprisonment of not more than six months, or both, if the card was expired for 6 months or less from the date of expiration; or

(3) is a misdemeanor punishable by a fine of $1000 or a term of imprisonment of not more than one year, or both, if the card was expired for more than 6 months but less than 12 months from the date of expiration.

HOUSE BILL 19-181, SS1

(c) A violation of §601(a) or §601(b) of this Chapter is a felony punishable by a fine of not more than $25,000 or imprisonment for not more than fifteen years, or both, when:

(1) the person's Firearm Owner's Identification Card has been revoked under §610 of this Chapter; or

(2) the person's Firearm Owner's Identification Card is expired and is not otherwise eligible for renewal under this Chapter; or

(3) the person does not possess a currently valid Firearm Owner's Identification Card, and the person is not otherwise eligible to receive a Firearm Owner's Identification Card under this Chapter.

(d) Except as otherwise provided by this Chapter, any other violation of this Chapter is a misdemeanor punishable by a fine of not more than $1,000 or imprisonment for not more than one year, or both.

§619. Duties of Card Holders – Penalties.

(a) Each person or organization holding a Firearm Owners Identification Card shall:

(1) Notify the Department of Public Safety in writing of the loss, theft, or destruction of the Firearm Owners Identification Card, including the circumstances, immediately upon discovery of such loss, theft, or destruction; and

(2) Any change in his or her status that would affect his or her eligibility to own or possess a Firearm Owners Identification Card.

(b) Each card holder shall have in their possession, whenever in possession of a firearm, a Firearm Owner's Identification Card, and shall exhibit the same upon the demand of a member of the Department of Public Safety.

(c) The duties set forth in this section are in addition to any other requirements imposed by this Division or other applicable law.

(d) A person shall be subject to a civil fine of $1000 for the first violation or omission of the duties and requirements imposed by this section.

Public Law No. 19-73

HOUSE BILL 19-181, SS1

(e) A person shall be subject to a civil fine of $2500 for a second violation or omission of the duties and requirements imposed by this section, if occurring within twelve months of the first violation. Further, the person's Firearm Owner's Identification Card shall be revoked and the person shall be prohibited from possessing or registering any firearm for a period of 5 years.

(f) For the purposes of this section, "a violation or omission" that applies to multiple firearms shall constitute a single violation or omission if the violation or omission pertaining to each firearm arose from the same occurrence.

§620. Certified abstracts. Any certified abstract issued by the Department of Public Safety or transmitted electronically by the Department of Public Safety to a court or on request of a law enforcement agency for the record of a named person as to the status of the person's Firearm Owner's Identification Card is prima facie evidence of the facts stated in the certified abstract and if the name appearing in the abstract is the same as that of a person named in an information or warrant, the abstract is prima facie evidence that the person named in the information or warrant is the same person as the person named in the abstract and is admissible for any prosecution under this Division or any other applicable violation of law and may be admitted as proof of any records, notices, or orders recorded on individual Firearm Owner's Identification Card records maintained by the Department of Public Safety.

§621. Fee Waiver.

(a) The Department of Public Safety may not charge a fee under this Chapter to any member of law enforcement. Provided, the Department of Public Safety may take this subsection into account when determining the amount of appropriate fees for administering this Chapter.

(b) The Department of Public Safety may not charge a fee under this Chapter to any person who has acquired a firearm by operation of law upon the death of the former owner of the firearm within the preceding 60 days. Provided, the Department of Public Safety may take this subsection into account when determining the amount of appropriate fees for administering this Chapter.

§622. Regulations and Fees.

22

HOUSE BILL 19-181, SS1

1    (a) The Department of Public Safety is authorized to issue regulations to
2    administer this Chapter.
3    (b) The Department of Public Safety may authorize, by regulation, additional
4    fees to administer this Chapter.  Provided, any additional fees will be instituted to
5    offset the cost of administering this Chapter.
6    **Section 5.  Amendment.**  Subject to codification by the Law Revision Commission,
7    Title 6, Division 10 is amended by adding a new Chapter 7, which shall read as follows:
8    "Chapter 7. Firearm Registration.
9    §701. Firearm Registration Database.
10    (a)  The Department of Public Safety shall create and maintain a digital
11    Firearm  Registration  Database  to  keep  track  of  all  firearms  in  the
12    Commonwealth.
13    (b)  The  Firearm  Registration  Database  shall  include  the  following
14    information on firearm:
15    (1) The owner's name;
16    (2) The owner's Firearm Owner's Identification Card number
17    and expiration date;
18    (3) In the case of firearms for sale by a vendor, his vendor's
19    license number;
20    (4) The caliber, make, model, manufacturer's identification
21    number, serial number, and any other identifying marks on the firearm;
22    (5) The name and address of the person or organization from
23    whom the firearm was obtained;
24    (6)  Whether  the  transaction  was  processed  by  a  licensed
25    firearms vendor, and if so the vendor's license number;
26    (7) Whether the firearm has been reported stolen or missing;
27    (8)  Whether  the  firearm  has  been  transferred  outside  of  the
28    Commonwealth;
29    (9) Such other information as the Department of Public Safety
30    determines is necessary to carry out the provisions of this Division.

1      (c) Every owner of a firearm shall, within 7 business days of taking

2  possession of a firearm, register it with the Department of Public Safety. The

3  application for registration shall be made on a prescribed form, signed by the

4  owner, and shall contain the information set forth in §701(b).

5           (1) Failure to register a firearm in accordance with this section

6      is a civil infraction punishable by a fine of five hundred dollars.

7           (2) If a person files an application to register a firearm more

8      than seven business days after taking possession of the firearm, then

9      the Department of Public Safety shall accept the late application.

10          (3) A person who files an application to register a firearm more

11     than seven business days after taking possession of the firearm may

12     not be subsequently issued a citation for violation of § 701(c).

13     (d) Registrants have a right to privacy, and the record of the Firearm

14  Registration Database shall be exempt from disclosure under the Open

15  Government Act.

16     §702. Notification Duty of Firearm Owners.

17     (a) Every person or organization has a duty to report to the Department

18  of Public Safety on a prescribed form within three business days:

19          (1) the loss, theft, or destruction of a firearm registered to him

20     or her, including the circumstances, upon discovery of such loss, theft,

21     or destruction; and

22          (2) when the firearm is transferred outside of the

23     Commonwealth.

24     (b) Failure to comply with this section is a civil infraction punishable

25  by a fine of five hundred dollars.

26     §703. Regulations.

27     The Department of Public Safety shall have the authority to promulgate rules

28  and regulations to enforce this Chapter.

29     **Section 6. Amendment**. Subject to codification by the Law Revision Commission,

30  Title 6, Division 10 is amended by adding a new Chapter 8, which shall read as follows:

"Chapter 8. Firearm Vendor Licensing.

§801. Business of firearms, destructive devices, or ammunition - vendor's license required.

(a) No person or organization shall engage in the business of manufacturing, selling, purchasing, importing, or repairing any firearm, destructive device, parts therefor, or ammunition, without first obtaining a vendor's licensee.

(b) No person shall import a firearm or destructive device without first obtaining a vendor's license.  This prohibition shall not prohibit persons or organizations from importing firearms into the Commonwealth as provided by § 905 of this Division.

(c) No licensee shall engage in the business of selling, purchasing, importing, or repairing of firearms which are unregisterable in the Commonwealth, except as provided by law, destructive devices, or parts therefor, except pursuant to a valid work or purchase order, for the Department of Public Safety, any law enforcement agency, or any member of the armed forces of the United States, the National Guard or organized reserves, when such officer, agent, or member is authorized to possess such a firearm or device while on duty in the performance of official authorized functions, or as otherwise provided by law.

(d) Any license issued pursuant to this Chapter shall be issued by the Department of Public Safety. Provided, the license required by this Chapter, shall be in addition to any other license or licensing procedure required by law.

(e) The following individuals, government agencies, and organizations are exempt from this section:

(1) Members of the Armed Forces of the United States or the National Guard, while engaged in the operation of their official duties;

(2) A common carrier, warehouseman, or other person engaged in the business of transporting or storing goods, to the extent that the possession or receipt of any firearm is in the ordinary course of business and not for the personal use of any such person;

(3) A person lawfully transporting a firearm through the Commonwealth in accordance with 18 U.S.C. § 926A;

(4) Federal officials required to carry firearms, while engaged in the operation of their official duties; and

(5) The Department of Public Safety.

§802. Application for Firearm Vendor License.

(a) Any person or organization who is required to obtain a Firearm Vendor License under this Chapter shall:

(1) Appear in person at a time and place designated by the Department of Public Safety;

(2) Complete and submit to the Department of Public Safety an application, in writing, signed under penalty of perjury, on a form prescribed by the Department of Public Safety;

(3) Provide all relevant information requested to demonstrate compliance with this Chapter, including:

(A) The applicant's full name and any other name by which the applicant has ever been known;

(B) The home address and telephone number of the applicant;

(C) The occupation, business address and business telephone number of the applicant;

(D) The license or permit numbers of all federal, state, territorial, or local licenses or permits held by the applicant that authorize the applicant to sell, lease, or otherwise transfer firearms or ammunition, if any;

(E) Information relating to every other license or permit to sell, lease, transfer, purchase, or possess firearms or ammunition which was sought by the applicant from the federal government or from any state or territory or subdivision of any state or territory, including, but not limited to, the type of license or permit sought, the date of each application and whether it resulted in the issuance of the license or

permit, and the date and circumstances of any revocation or
suspension;

(F) The address of the proposed location for which the permit
is sought;

(G) The business name, and the name of any corporation,
partnership or other entity that has any ownership in, or control over,
the business;

(H) A copy of the person or organization's license to do
business in the Commonwealth;

(I) The names, dates of birth, and addresses of all persons who
will have access to or control of workplace firearms or ammunition,
including but not limited to, the applicant's employees, agents, and
supervisors, if any;

(J) A floor plan of the proposed business which illustrates the
applicant's compliance with security provisions required by
Commonwealth law, federal law, or Department of Public Safety
regulation;

(K) Such other information that the Department of Public
Safety may reasonably require by regulation;

(L) Certification of satisfaction of insurance requirements, for
applicants applying for a permit to sell firearms;

(M) The date, location, and nature of all criminal convictions of
the applicant, if any, in any jurisdiction in the United States.

(b) Each application for a vendor's license or renewal shall be accompanied by
a fee established by the Department of Public Safety by regulation; provided, that
such fee shall in the judgment of the Department, reimburse the Department for the
administrative costs of services provided under this Chapter.

§803. Renewal.

(a) A Firearm Vendor License expires one year after the date of issuance. A
permit may be renewed for additional one-year periods if the licensee submits a

1    timely application for renewal, accompanied by a nonrefundable renewal fee

2    established by the Department of Public Safety by regulation; provided, that such fee

3    shall, in the judgment of the Department, reimburse the Department for the

4    administrative costs of services provided under this Chapter.

5        (b) Renewal of the permit is contingent upon the licensee's compliance with

6    the terms and conditions of the original application and permit, as detailed in this

7    Chapter, and any additional conditions arising from Commonwealth law including

8    regulations created by the Department. Department personnel shall inspect the

9    permitted business premises for compliance with this Chapter prior to renewal of the

10   permit.   The renewal application and the renewal fee must be received by the

11   Department no later than 60 days before the expiration of the current permit.

12       (c) A decision regarding the renewal of the Firearm Vendor License may be

13   appealed in the manner provided in § 809 of this Division.

14       §804. Investigation to be conducted.

15       (a) The Department shall conduct an investigation to determine, for the

16   protection of public health and safety, whether the Firearm Vendor License may be

17   issued or renewed.

18       (b) The Department shall require:

19           (1) the applicant; and

20           (2) all persons who will have access to or control of workplace

21       firearms or ammunition, including but not limited to the applicant's

22       employees, agents and/or supervisors, if any, to:

23               (A) Acquire a Firearm Owner Identification Card, if they do

24           not already possess one.  No person shall be authorized to have access

25           to or control of workplace firearms or ammunition until they have a

26           Firearm Owner Identification Card; and

27               (B) Provide any additional information which the Department

28           considers necessary to complete the investigation.

29       (c) Prior to issuance or renewal of the permit, the Department shall inspect the

30   premises of the proposed business to ensure compliance with this Chapter.

HOUSE BILL 19-181, SS1

(d) The Department may grant or renew a Firearm Vendor License if the applicant or licensee is in compliance with this Chapter and all other applicable federal and Commonwealth laws.

§805. Grounds for Denial of Firearm Vendor License.

(a) The Department shall deny the issuance or renewal of a Firearm Vendor License if the operation of the business would not or does not comply with federal, Commonwealth or local law, or if the applicant or licensee:

(1) Is a person under 21 years of age, or in the case of an organization applicant, has a chief executive under 21 years of age;

(2) Has made a false or misleading statement of a material fact or omission of a material fact in the application for a Firearm Vendor License, or in any other documents submitted to the Department pursuant to this Chapter. If a permit is denied on this ground, the applicant is prohibited from reapplying for a permit for a period of five years;

(3) Has had a license or permit to sell, lease, transfer, purchase, or possess firearms or ammunition from the federal government or the government of any state or subdivision of any state revoked, suspended or denied for good cause within the preceding five years;

(4) Is a person, or in the case of an organization, has a chief executive, who is prohibited by any federal, state or local law from purchasing or possessing firearms or ammunition, or has been convicted of:

(A) An offense relating to the manufacture, sale, possession or use of a firearm or dangerous or deadly weapon or ammunition therefor;

(B) An offense involving the use of force or violence upon the person of another;

(C) An offense involving theft, fraud, dishonesty or deceit;

(D) Within the preceding ten years, an offense involving the manufacture, sale, possession, or use of a controlled substance; or

29

HOUSE BILL 19-181, SS1

(5) Is a person, or in the case of an organization has a chief executive officer, who is currently, or has been within the preceding five years, an unlawful user of or addicted to a controlled substance; or

(6) Is not eligible, or in the case of an organization, has a chief executive who is not eligible, for a Firearm Owner's Identification Card.

§806. Issuance of vendor's license; time period; corrections.

(a) Upon receipt of a properly executed application for a vendor's license, or renewal thereof, the Department of Public Safety, upon determining through further inquiry, investigation, or otherwise, that the applicant is entitled and qualified under the provisions of this Chapter thereto, shall issue a Firearm Vendor License.

(b) Each vendor's license shall be in duplicate and bear a unique vendor's license number, and such other information as the Department determines, by regulation, is necessary to identify the applicant and premises.

(c) The duplicate of the vendor's license shall be delivered to the applicant and the Department shall retain the original.

(d) The Department of Public Safety shall approve or deny an application for a Firearm Vendor License within a 60-day period beginning on the date the Department receives the application, unless good cause is shown, including nonreceipt of information from sources outside the Commonwealth government. The Department may hold in abeyance an application where there is any firearms revocation proceeding pending against such person or organization.

(e) Upon receipt of a vendor's license, each applicant shall examine the same to ensure that the information thereon is correct. If the vendor's license is incorrect in any respect, the person named thereon shall return the same to the Department of Public Safety with a signed statement showing the nature of the error. The Department shall correct the error, if it occurred through administrative error. In the event the error resulted from information contained in the application, the applicant shall be required to file an amended application explaining the error in the original application.

(f) In the event the Department of Public Safety learns of an error in a vendor's license, other than as provided in this section, the Department may require the holder to return the vendor's license for correction. If the error resulted from information contained in the application, the person named therein shall be required to file an amended application as provided in subsection (e) of this section.

§807. Duties of licensed vendors; records required.

(a) Each person holding a vendor's license, in addition to any other requirements imposed by this Chapter, Commonwealth law, federal law, or Department of Public Safety Regulation, shall:

(1) Display the vendor's license in a conspicuous place on the premises;

(2) Notify the Department of Public Safety in writing:

(A) Of the loss, theft, or destruction of the vendor's license, including the circumstances, immediately upon the discovery of such loss, theft, or destruction or of the loss, theft, or destruction of any firearms or ammunition in the vendor's inventory;

(B) Of a change in any of the information appearing on the Firearm Vendor License;

(C) Any change in status that would affect license holder's eligibility to own or possess a Firearm Vendor License.

(3) Keep at the premises identified in the vendor's license a true and current record in book form or in other form as the Department of Public Safety may require by regulation, of:

(A) The name, address, home phone, and date of birth of each employee handling firearms, ammunition, or destructive devices;

(B) Each firearm or destructive device received into inventory or for repair including the:

(i) Serial number, caliber, make, model, manufacturer's number (if any), vendor's identification number (if any) and similar descriptive information for destructive devices;

31

(ii) Name, address, and vendor's license number (if any) of the person or organization from whom the firearm or destructive device was purchased or otherwise received;

(iii) Consideration given for the firearm or destructive device, if any;

(iv) Date and time received by the licensee and in the case of repair, returned to the owner; and

(v) Nature of the repairs made.

(C) Each firearm or destructive device sold or transferred including the:

(i) Serial number, caliber, make, model, manufacturer's number or vendor's identification number;

(ii) Name and address of the person or organization to whom transferred;

(iii) The consideration for transfer; and

(iv) Time and date of delivery of the firearm or destructive device to the transferee.

(b) The records required by this section shall upon demand be exhibited during normal business hours to the Department of Public Safety.

(c) Each person holding a vendor's license shall, when required by the Department of Public Safety in writing, submit on a form and for the periods of time specified, any record information required to be maintained by this section, and any other information reasonably obtainable therefrom.

§808. Revocation of Firearm Vendor License.

(a) A Firearm Vendor License may be revoked if:

(1) Any of the criteria in § 807 of this Chapter are not currently met;

(2) There is a violation or omission of the duties, obligations, or requirements imposed by § 807 of this Chapter, Commonwealth or federal law, or Department of Public Safety regulation; or

(b) A Firearm Vendor License shall be revoked if:

Public Law No. 19-73

HOUSE BILL 19-181, SS1

(1) The information furnished to the Department of Public Safety on the application for a Firearm Vendor License proves to be false;

(2) The Firearm Vendor License holder fails to notify the Department of Public Safety of a change of status that affects the license holder's eligibility to own or possess a Firearm Vendor License;

(3) The license holder no longer qualifies for a Firearm Owners Identification Card or otherwise fails to meet any of the criteria required by Commonwealth, federal law, or Department of Public Safety regulation.

§809. Procedure for denial or revocation of vendor's license.

(a) If it appears to the Department of Public Safety that an application for a vendor's license should be denied or that a vendor's license should be revoked, the Department of Public Safety shall notify the applicant or registrant of the proposed denial or revocation briefly stating the reason or reasons therefor.

(b) Service may be made by mailing a copy of the notice to the applicant at the address identified on the application. In the case of an organization, service may be made upon the president, chief executive, or other officer, managing agent or person authorized by appointment or law to receive such notice as described in the preceding sentence at the business address of the organization identified in the application.

(c) The applicant or vendor shall have 15 days from the date of service in which to submit further evidence in support of the application or qualifications to continue to hold a vendor's license, as the case may be; provided, that if the applicant or vendor does not make such a submission within 15 days from the date of service, the applicant or vendor shall be deemed to have conceded the validity of the reason or reasons stated in the notice, and the denial or revocation shall become final.

(d) Within 10 days of the date upon which the Department of Public Safety receives such a submission, the Department shall serve upon the applicant or registrant in the manner provided in above, notice of the final decision.

(e) Within 15 days of a decision becoming effective, which is unfavorable to a licensee or to an applicant for a vendor's license, the licensee or applicant shall:

HOUSE BILL 19-181, SS1

(1) Peaceably surrender to the Department any firearms in his inventory which he does not register, and all destructive devices in his inventory in the manner provided for in P.L. 19-42, (in Section 6, adding 6 CMC Division 10, Chapter 2, § 209).

(2) Lawfully remove from the Commonwealth any firearm in his inventory which he does not register and all destructive devices and ammunition in his inventory for so long as he has an interest in them; or

(3) Otherwise lawfully dispose of any firearms in his inventory which he does not register and all destructive devices and ammunition in his inventory.

§810. Temporary suspension of vendor's license.

(a) If the Department of Public Safety has probable cause to believe that a licensee has violated any federal, Commonwealth or local law, the Department of Public Safety may immediately suspend the right of the licensee to sell, lease or otherwise transfer firearms, firearm ammunition, or firearm ammunition components.

(b) If the Department of Public Safety has probable cause to believe that a licensee has violated any federal, Commonwealth or local law relating to the sale, lease, transfer, use or possession of firearms, firearm ammunition, or firearms ammunition components, the Department of Public Safety shall immediately suspend the right of the licensee to sell, lease or otherwise transfer firearms, firearm ammunition or firearm ammunition components.

(c) A temporary suspension under this Section shall be for no more than three days; except if the violation results in the filing of criminal charges by a federal or Commonwealth prosecuting attorney, the license may be suspended until the case is adjudicated in a court of law. If the Department of Public Safety suspends a license pursuant to this subsection, the licensee shall be provided an opportunity to present evidence to the Department that the pending charges are without legal merit. The Department's decision regarding whether to suspend a license pending the outcome of such charges shall be a final decision appealable to the Superior Court pursuant to the Commonwealth Administrative Procedure Act.

1    (d) Notice of suspension shall be mailed to the person(s) who applied for the
2    license and shall be delivered to the address listed on the license.

3        §811. Report of license revocation to federal and Commonwealth authorities.
4    In addition to any other penalty or remedy, the Department of Public Safety shall
5    report any person or entity whose Firearm Vendor License is revoked pursuant to this
6    Chapter to the Bureau of Alcohol, Tobacco, Firearms & Explosives within the United
7    States Department of Justice, and to any other relevant Commonwealth or federal
8    agency.

9        §812. Nonassignability.  A Firearm Vendor License issued under this Chapter
10   is not assignable.  Any attempt to assign a Firearm Vendor License shall result in
11   revocation of the license.

12       §813. Inspections.

13       (a) Licensees shall have their places of business open for inspection by the
14   Department of Public Safety during all hours of operation.

15       (b) The Department shall conduct an inspection of the business in connection
16   with the initial issuance of a permit, and thereafter conduct an inspection in
17   connection with each annual renewal of the permit, and unannounced inspections as
18   the Department of Public Safety requires to ensure compliance with this Chapter.
19   Licensees shall maintain all records, documents, firearms, and ammunition in a
20   manner and place accessible for inspection by federal and Commonwealth law
21   enforcement.

22       §814. On-Site Security.

23       (a) All firearms and ammunition in the inventory of a licensee must be kept at
24   the permitted business location.

25       (b) If the proposed or current business location is to be used at least in part for
26   the sale of firearms, all perimeter doorways, windows, and heating, ventilating, air-
27   conditioning, and service openings shall be secured in a manner prescribed by the
28   Department of Public Safety.

29           (1) Such securing shall, at a minimum, include:

(A) All perimeter doorways equipped with one of the following:

(i) A windowless steel security door equipped with both a dead bolt and a doorknob lock.

(ii) A windowed metal door that is equipped with both a dead bolt and a doorknob lock. If the window has an opening of five inches or more measured in any direction, the window must be covered with steel bars of at least one-half inch diameter or metal grating of at least nine gauge affixed to the exterior or interior of the door.

(iii) A metal grate that is padlocked and affixed to the licensee's premises independent of the door and doorframe.

(B) All windows covered with solid steel bars of at least one-half inch diameter.

(C) Heating, ventilating, air-conditioning, and service openings secured with steel bars, metal grating, or an alarm system.

(2) For the purposes of this section:

(A) Any metal grates have spaces no larger than six inches wide measured in any direction.

(B) Any metal screens have spaces no larger than three inches wide measured in any direction.

(C) All steel bars must be no further than six inches apart.

(c) Any time a licensed business location is not open to the public, every firearm shall be stored in one of the following ways:

(1) In a locked fireproof safe or vault in the licensee's business premises that meets Underwriters Laboratories Residential Security Container rating standards by a Nationally Recognized Testing Laboratory (NRTL); or

(2) Secured with a hardened steel rod or cable of at least one-fourth inch in diameter through the trigger guard of the firearm. No more than five firearms may be affixed to any one rod or cable at any time.

## HOUSE BILL 19-181, SS1

(d) Any time a licensed business location is open to the public, all firearms shall be kept unloaded and all firearms and ammunition shall be kept inaccessible to the public, except in the immediate presence of and under the direct supervision of the licensee or his or her employees.

(e) The licensed business location shall be secured by an alarm system that is installed and maintained by an alarm company operator properly licensed pursuant to Commonwealth law. The alarm system must be approved by the Department of Public Safety.

(f) The licensed business location shall be equipped with a video surveillance system sufficient to monitor the critical areas of the business premises, including, but not limited to, all places where firearms or ammunition are stored, handled, sold, transferred, or carried. The video surveillance system shall operate continuously, without interruption, whenever the permitted business location is open to the public. Whenever the permitted business location is not open to the public, the system shall be triggered by a motion detector and begin recording immediately upon detection of any motion within the monitored area. In addition, the sale or transfer of a firearm or ammunition shall be recorded by the video surveillance system in such a way that the facial features of the purchaser or transferee are clearly visible. The stored images shall be maintained at the permitted business location for a period not less than six months from the date of recordation and shall be made available for inspection by federal and Commonwealth law enforcement upon request. The licensee shall post a sign in a conspicuous place at each entrance to the premises that states in block letters not less than one inch in height: THESE PREMISES ARE UNDER VIDEO SURVEILLANCE. YOUR IMAGE MAY BE RECORDED.

(g) The Department of Public Safety may impose security requirements in addition to those listed in this section prior to issuance of the Firearm Vendor License. Failure to fully comply with the requirements of this section or additional security requirements imposed by the Department shall be sufficient cause for denial or revocation of the Firearm Vendor License by the Department.

Public Law No. 19-73

HOUSE BILL 19-181, SS1

§815. Display of firearms or ammunition by vendors; security; employees of vendors.

No licensed vendor shall display any firearm or ammunition in windows visible or accessible from a street or sidewalk. All firearms, destructive devices, and ammunition shall be kept at all times in a securely locked place affixed to the premises except when being shown to a customer, being repaired, or otherwise being worked on.

§816. Identification number on firearm required before sale.

No licensee shall sell or offer for sale any firearm which does not have imbedded into the metal portion of such firearm a unique manufacturer's identification number or serial number.

§817. Liability Insurance.

(a) If the proposed or current business location is to be used for the sale of firearms, no Firearm Vendor License shall be issued or renewed unless there is in effect a policy of insurance in a form approved by the Commonwealth and executed by an insurance company approved by the Commonwealth, insuring the applicant against liability for damage to property and for injury to, or death of, any person as a result of the theft, sale, lease or transfer or offering for sale, lease or transfer of a firearm or ammunition, or any other operations of the business. The limits of liability shall not be less than $300,000 for each incident of damage to property or incident of injury or death to a person.

(b) The policy of insurance shall contain an endorsement providing that the policy shall not be cancelled until written notice has been given to the Department of Public Safety at least 60 days prior to the time the cancellation becomes effective.

(c) Upon expiration of the policy of insurance, and if no additional insurance is obtained, the Firearm Vendor License is automatically revoked as a matter of law without further notice.

§818. Location of Firearm Vendor.

(a) The business shall be carried on only in the building located at the street address shown on the permit.

38

1    (b) The business premises shall not be located in any area that is zoned for
2    residential use.

3    (c) The business shall not be operated out of a dwelling as defined in Chapter
4    1 of this Division.

5    (d) The business shall not be operated within a Gun Free Zone pursuant to
6    § 401 of Public Law 19-42; provided a firearm vendor shall not be in violation of this
7    subsection if the business falls within a gun free zone after the vendor makes
8    substantial investment in the on-site security requirements imposed by this Chapter.

9    (e) The requirements contained in this section are in addition to any other
10   zoning laws or regulations that may apply to a firearm vendor.

11   §819. Inventory Reports.

12   (a) Within the first five business days of January and July of each year, the
13   licensee shall cause a physical inventory to be taken that includes a listing of each
14   firearm held by the licensee by make, model, caliber or gauge, and serial number,
15   together with a listing of each firearm the licensee has sold since the last inventory
16   period. In addition, the inventory shall include a listing of each firearm lost or stolen
17   since the last inventory period.

18   (b) Immediately upon completion of the inventory, the licensee shall forward a
19   copy of the inventory to the address specified by the Department of Public Safety, by
20   such means as specified by the Department.

21   (c) The Department shall maintain a copy of the inventory for at least ten
22   years.

23   (d) With each copy of the inventory, the licensee shall include an affidavit
24   signed by an authorized agent or employee on behalf of the licensee under penalty of
25   perjury stating that within the first five business days of that January or July, as the
26   case may be, the signer personally confirmed the presence of the firearms reported on
27   the inventory. The licensee shall maintain a copy of the inventory on the premises for
28   which the Firearm Vendor License was issued for a period of not less than five years
29   from the date of the inventory and shall make the copy available for inspection by the
30   Department of Public Safety or federal law enforcement upon request.

HOUSE BILL 19-181, SS1

§820. Restricted admittance of minors and other prohibited purchasers.

(a) Where firearm sales activity is the primary business performed at the permitted business location, no licensee or any of his or her agents, employees, or other persons acting under the licensee's authority shall allow any person under the age of 18 to enter into or remain on the premises unless accompanied by his or her parent or legal guardian.

(b) Where firearm sales activity is the primary business performed at the permitted business location, the licensee and any of his or her agents, employees, or other persons acting under the licensee's authority shall be responsible for requiring clear evidence of age and identity of persons to prevent the entry of persons not permitted to enter the premises pursuant to this section by reason of age. Clear evidence of age and identity is defined as current driver's license or other government-issued identification card containing the bearer's signature, photograph and date of birth.

(c) The licensee shall post the following conspicuously at each entrance to the permitted business location in block letters not less than one inch in height:

(1) If the licensee sells, keeps or displays firearms, the sign shall state: —FIREARMS ARE KEPT, DISPLAYED OR OFFERED FOR SALE ON THE PREMISES, AND PERSONS UNDER THE AGE OF 21 ARE EXCLUDED UNLESS ACCOMPANIED BY A PARENT OR LEGAL GUARDIAN. —

(d) Where firearm sales activity is the primary business performed at the permitted business location, no licensee or any of his or her agents, employees, or other persons acting under the licensee's authority shall allow any person to enter into or remain on the premises who the licensee or any of his or her agents, employees, or other persons acting under the licensee's authority knows or has reason to know is prohibited from possessing or purchasing firearms pursuant to federal or Commonwealth law.

§821. Regulations and Fees.

1    (a) The Department of Public Safety is authorized to issue regulations to
2 administer this Chapter.

3    (b) The Department of Public Safety is authorized to issue fines, to be
4 determined by regulation, for violations of this Chapter.

5    (c) The Department of Public Safety may authorize, by regulation, additional
6 fees to administer this Chapter. Provided, any additional fees will be instituted to
7 offset the cost of administering this Chapter."

8 **Section 7.** <u>**Amendment**</u>. Subject to codification by the Law Revision Commission,
9 Title 6, Division 10 is amended by adding a new Chapter 9 which shall read as follows:

10    "Chapter 9. Sale and Transfer of Firearms and Ammunition

11    §901. <u>Sale and transfer prohibited</u>.

12    (a) No person or organization shall sell, transfer, or otherwise dispose of any
13 firearm, destructive device in the Commonwealth except as provided by
14 Commonwealth and federal law.

15    <u>(b) Violation.</u>

16      <u>(1) The first violation of this provision within a ten-year period</u>
17   <u>shall be an infraction punishable by a fine of $500.00.</u>

18      <u>(2) The violation of this section by an individual that has been</u>
19   <u>convicted of a violation of this section once within the past ten years</u>
20   <u>shall be a misdemeanor punishable by a fine of $1000.00, and by</u>
21   <u>imprisonment for not more than one year.</u>

22      <u>(3) The violation of this section by an individual that has been</u>
23   <u>convicted of a violation of this section more than once within the past ten</u>
24   <u>years shall be a felony punishable by a fine of $5,000.00 unlawfully</u>
25   <u>transferred and imprisonment for not more than five years.</u>

26    §902. <u>Permissible sales and transfers</u>.

27    (a) Any person or organization lawfully in possession of a firearm or
28 ammunition may sell or otherwise transfer said firearm or ammunition to a licensed
29 firearms vendor.

30    (b) Any licensed vendor may sell or otherwise transfer:

(1) Ammunition, excluding restricted pistol bullets, and any firearm or destructive device which is lawfully a part of such licensee's inventory, to any person or organization outside the Commonwealth provided that the person or organization is properly licensed under federal law and the jurisdiction where such person resides or conducts such business;

(2) Ammunition which is lawfully a part of such licensee's inventory to any resident of the Commonwealth who possesses a Firearm Owners Identification Card; and

(3) Ammunition, including restricted pistol bullets, and any firearm or destructive device which is lawfully a part of such licensee's inventory to:

(A) Any other licensed vendor;

(B) Any Commonwealth law enforcement officer or law enforcement agent of the United States of America acting within the scope of his duties when acquiring such firearm, ammunition, or destructive device, if the officer or agent has in his possession a statement from the head of his agency stating that the item is to be used in such officer's or agent's official duties.

(c) Any licensed vendor may sell a firearm to any person or organization possessing a Firearm Owners Identification Card; provided that the firearm will not be delivered to the person or organization until the person or organization acquires a firearm registration certificate for the firearm. If the Department denies a registration certificate, the Department shall so advise the licensed firearm vendor who shall thereupon:

(1) withhold delivery until such time as a registration certificate is issued, or,

(2) at the option of the purchaser, declare the contract null and void, in which case consideration and tax paid to the licensee shall be returned to the purchaser.

(d) Except as provided in this section, no licensed vendor shall sell or otherwise transfer ammunition unless:

42

HOUSE BILL 19-181, SS1

1    (1) The sale or transfer is made in person; and

2    (2) The purchaser exhibits, at the time of sale or other transfer, a
3    firearm owners' identification card; and

4    (3) The purchaser signs a receipt for the ammunition which, in addition
5    to the other records required under this Division, shall be maintained by the
6    licensed vendor for a period of 1 year from the date of sale.

7    §903. Private Transfers.

8    (a) Where neither party to a prospective firearms transaction is a licensed
9    firearms vendor under Chapter 8 of this Division, the parties to the transaction shall
10    complete the sale or other transfer through a licensed firearms vendor as follows:

11    (1) The seller or other transferor shall deliver the firearm to the
12    licensed firearms vendor, who shall retain possession of the firearm until all
13    legal requirements for the sale or other transfer have been met, including
14    compliance with any Commonwealth or federal waiting periods;

15    (2) The licensed firearms vendor shall process the sale or other transfer
16    as if he or she were the seller or other transferor.  The licensed firearms
17    vendor shall comply with all requirements of Commonwealth and federal law
18    that would apply if he or she were the seller or other transferor of the firearm;

19    (3) If the licensed firearms vendor cannot legally deliver the firearm to
20    the purchaser or other transferee, the licensed firearms vendor shall require
21    proof that the seller is in possession of a valid firearm registration certificate,
22    and, if the seller has a firearm registration certificate and the return is not
23    prohibited by Commonwealth or federal law, return the firearm to that person;

24    (A) This subsection shall not prohibit a person from receiving
25    their firearm back from a firearm vendor if the person acquired their
26    firearm by operation of law upon the death of the former owner of the
27    firearm within the preceding 60 days.

28    (4) If the vendor cannot legally return the firearm to the seller or other
29    transferor, the vendor shall store the firearm until it can be transferred or
30    otherwise disposed of as provided by law; and

HOUSE BILL 19-181, SS1

1    (5) The vendor may require the purchaser or other transferee to pay a

2 fee covering the administrative costs incurred by the vendor for facilitating the

3 transfer of the firearm.

4   (b) Alternatively, where neither party to a prospective firearms transaction is a

5 licensed firearms vendor under Chapter 8 of this Division, the parties to the

6 transaction may complete the sale or other transfer at the Department of Public Safety

7 as follows:

8    (1) The parties to the transaction shall notify the Department of Public

9 Safety in a manner to be determined by regulation to schedule a time for

10 transfer. The firearm must be transported to and from the Department of

11 Public Safety in a locked container, unloaded, separate from ammunition, and

12 in open view.  A person transporting a firearm to the Department of Public

13 Safety in accordance with this subsection is exempt from § 401(a) of PL 19-

14 42.

15    (2) The Department of Public Safety shall ensure that the purchaser is

16 in possession of a valid firearm owners identification card before releasing the

17 firearm to the purchaser.

18    (3) If the Department of Public Safety cannot legally deliver the

19 firearm to the purchaser or other transferee, the Department of Public Safety

20 shall require proof that the seller is in possession of a valid firearm owner's

21 identification card, and, if the seller has a valid firearm owner's identification

22 card and the return is not prohibited by Commonwealth or federal law, return

23 the firearm to that person;

24     (A) This subsection shall not prohibit a person from receiving

25 their firearm back from the Department of Public Safety if the person

26 acquired their firearm by operation of law upon the death of the former

27 owner of the firearm within the preceding 60 days.

28    (4) If Department of Public Safety cannot return the firearm to the

29 seller or other transferor, the Department of Public Safety shall store the

44

firearm until it can be transferred or otherwise disposed of as provided by law; and

      (5) The Department of Public Safety may authorize, by regulation, a fee to reimburse the Department for the administrative costs of services provided under this section.

      (6) Private transfers under this subsection shall be subject to the Firearm Waiting Period contained in § 1001 as if the Department of Public Safety were a licensed firearm vendor.

      (7) If a licensed firearm vendor is available to complete the private transfer of firearms on a particular island, then the Department of Public Safety may, by regulation, decline to complete the private transfer of firearms under § 903(b).

§904. Closure of Establishments During Emergencies.

In case of emergency concerning the public safety declared by the Governor, all establishments dealing in guns, dangerous devices or ammunition may be ordered closed by the official and be required to remain closed during the continuance of the emergency.  During any such closure, any and all guns, dangerous devices and ammunition belonging to or in the keeping of a closed establishment must be secured pursuant to §813 of this Division.  Further, during any such closure, any and all guns, dangerous devices and ammunition belonging to or in the keeping of a closed establishment may be impounded by the Department of Public Safety.

§905. Transfer of Firearms and Ammunition into the Commonwealth.

(a) Any firearm, ammunition, or destructive device being transferred into the Commonwealth via post or common carrier shall be addressed to and received by a firearm vendor duly licensed under Commonwealth and federal law.  The licensed firearm vendor shall ensure that the firearm complies with Commonwealth, federal, and local law. If the firearm does not comply with Commonwealth, federal, or local law, the licensed firearm vendor shall immediately notify and surrender the firearm to the Department of Public Safety. The licensed firearm vendor shall not release the firearm to the purchaser or transferee until the transferee provides:

45

1    (1) A valid and current Firearms Owner's Identification Card issued to
2    the transferee; and

3    (2)  Evidence that any taxes due and owing have been paid.

4    (b) Any firearm, ammunition, or destructive device transferred into the
5    Commonwealth as baggage of a passenger of a vessel originating from outside the
6    Commonwealth shall be properly declared and surrendered to the Commonwealth
7    Division of Customs Services.

8    (c) If the passenger is in possession of a Firearm Owners Identification Card,
9    the Commonwealth Division of Customs Services shall not release the firearm to the
10   passenger until any taxes due and owning are paid.

11   (d) If the passenger is not in possession of a firearm Owners Identification
12   Card, then the passenger shall surrender the firearm to the Commonwealth Division
13   of Customs Services. The Commonwealth Division of Customs Services shall, within
14   three business days, transfer the firearm to the duly licensed firearm vendor of the
15   owner's choice.  The licensed firearms vendor shall not release the firearm to the
16   passenger until the passenger provides:

17   (1) A valid and current Firearms Owner's Identification Card
18   issued to the passenger;

19   (2) Evidence that any taxes due and owing have been paid.

20   §906. Exceptions.   The following individuals, government agencies, and
21   organizations are exempt from this Chapter:

22   (a) Members of the Armed Forces of the United States or the National Guard,
23   while engaged in the operation of their official duties;

24   (b) A common carrier, warehouseman, or other person engaged in the business
25   of transporting or storing goods, to the extent that the possession or receipt of any
26   firearm is in the ordinary course of business and not for the personal use of any such
27   person;

28   (c) A person lawfully transporting a firearm through the Commonwealth in
29   accordance with 18 U.S.C. § 926A;

HOUSE BILL 19-181, SS1

1        (d) Federal officials required to carry firearms, while engaged in the operation

2    of their official duties;

3        (e) Members of bona fide veterans' organizations which receive firearms

4    directly from the armed forces of the United States, while using the firearms for

5    ceremonial purposes with blank ammunition;

6        (f) The Department of Public Safety may, by regulation, determine a

7    procedure for transferring firearms between the agencies of the Commonwealth

8    government.

9        §907. Penalties.

10        Except as otherwise provided by law, any person convicted of a violation of

11    any section of this Chapter shall be fined not more than $1,000 or imprisoned for not

12    more than 1 year, or both; except that:

13          (a) A person who knowingly or intentionally sells, transfers, or

14        distributes a firearm, destructive device, or ammunition to a person under 21

15        years of age who is not eligible for a Firearm Owner's Identification Card

16        shall be fined not more than $5,000 or imprisoned for not more than 10 years,

17        or both.

18          (b) A person who knowingly or intentionally sells, transfers, or

19        distributes a firearm, destructive device, or ammunition to a person who does

20        not possess or is ineligible for a Firearm Owner's Identification Card shall be

21        fined not more than $5,000 or imprisoned for not more than 10 years, or

22        both."

23    **Section 8. Amendment**. Subject to codification by the Law Revision Commission,

24    Title 6, Division 10 is amended by adding a new Chapter 10, which shall read as follows:

25        "CHAPTER 10. Firearm Waiting Period Act.

26        §1001. Waiting period prior to firearm purchase.

27        (a) No licensed firearms vendor shall deliver a firearm, and no person shall

28    take possession of a firearm from a licensed vendor, until a minimum of 48 hours

29    have elapsed from the date the person purchased the firearm.

30        §1002. Exceptions.

1      This Chapter shall not apply to:

2              (a) Any law enforcement or corrections agency or law enforcement or

3      corrections officer acting within the course and scope of his or her

4      employment or official duties;

5              (b) A United States Marshal or member of the Armed Forces of the

6      United States or the National Guard, or a duly sworn federal official

7      transferring firearms as required in the operation of his or her official duties;

8              (c) Licensed firearms manufacturers, importers or vendors, while

9      engaged in the course and scope of their activities as licensees, provided that

10     the transfers are between licensees and all such licensees are properly licensed

11     under federal and Commonwealth law;

12             (d) A gunsmith who receives a firearm for service or repair;

13             (e) A properly licensed private security firm, or private security

14     personnel, who acquire the firearms for use in the course and scope of

15     employment; or

16             (f) A common carrier, warehouseman, or other person engaged in the

17     business of transporting or storing goods, to the extent that the possession or

18     receipt of any firearm is in the ordinary course of business, not for the

19     personal use of any such person, or having on or about the person of any

20     firearm is in the ordinary course of business and not for the personal use of

21     any such person."

22     **Section 9. <u>Amendment</u>**. Subject to codification by the Law Revision Commission,

23     Title 6, Division 10, Chapter 5, is amended by adding the following provisions:

24             "§5xx. <u>Properly Registered – Defined</u>.

25             For purposes of this Division, a firearm is not properly registered in the

26     Commonwealth unless its owner is in possession of a current firearm identification

27     card and the firearm has been properly registered under this Division.

28             §5xx. <u>Transition – Existing Firearm Identification Cards and Dealer Licenses</u>.

29             (a) Any firearm identification card issued pursuant to the Commonwealth

30     Weapons Control Act shall remain valid until its expiration.

48

1   (b) Any dealer's license issued pursuant to the Commonwealth Weapons
2   Control Act:

3            (1) shall remain valid until its expiration. Thereafter, the license may
4       be renewed in accordance with this Act;

5            (2) shall not be subject to §§ 814, 817, or 818 of this Act until the
6       license expires. Thereafter, the license may be renewed in accordance with
7       this Act;

8   (c) Firearm identification cards and dealer licenses shall continue to be subject
9   to any terms and conditions applicable on the effective date of this Division.

10      §5xx. Transition – Transfer of Firearms.

11      Any properly registered firearm in the Commonwealth on the effective date of
12  this Act may be transferred in accordance with the Commonwealth Weapons Control
13  Act for ninety days after this Act becomes law.

14      §5xx. Transition – Firearms Legally Present in the Commonwealth.

15      Any firearm that is properly registered in the Commonwealth on the effective
16  date of this Act may be registered under Chapter 7 of this Division.

17      §5xx. Transition – Firearms Waiting Period.

18      The Firearms Waiting Period as set forth in Chapter 10 of this Division shall
19  not apply to any firearm properly registered in the Commonwealth until ninety days
20  after this Act becomes law.

21      §5xx. Transition – Firearms and ammunition ordered prior to the effective
22  date of this Act.

23      Any firearm or ammunition purchased and in transit to the Commonwealth on
24  the effective date of this Act shall be exempt from 6 CMC § 2301(a) and 4 CMC §
25  1402 as amended by P.L. 19-42. Further, said firearms shall be considered a properly
26  registered firearm under this Act if the firearm is registered within ninety days of the
27  effective date of this Act.

28      §5xx. Transition – Regulations.

29      (a) The Department of Public Safety is authorized to issue regulations to
30  administer this Act.

HOUSE BILL 19-181, SS1

1    (b) The Department of Public Safety may authorize, by regulation, additional
2    fees to administer this Act.  Provided, any additional fees will be instituted to offset
3    the cost of administering this Act.

4    (c) Any fees or fines collected pursuant to this Act shall be forwarded to the
5    Department of Public Safety to offset the cost of administering this Act, training law
6    enforcement officers, and equipping officers to safely handle armed citizens that
7    violate the law.  The funds may be spent at the discretion of the Commissioner of the
8    Department of Public Safety."

9    **Section 10. Amendment**. Subject to codification by the Law Revision Commission,
10   the following provisions enacted by the SAFE act (Public Law 19-42 which establishes
11   Title 6, Division 10, Chapter 1) are hereby amended:

12   (a) A new subsection (a) is inserted in §101 of the SAFE act to define
13   ".50 BMG rifle" as follows:

14        "(a) ".50 BMG rifle" means:

15             (1) A rifle capable of firing a center-fire cartridge in .50 BMG caliber,
16             including a 12.7 mm equivalent of .50 BMG and any other metric equivalent;
17             or

18             (2) Any rifle, regardless of caliber, if such rifle is capable of firing a
19             projectile that attains a muzzle energy of 12,000 foot-pounds or greater in any
20             combination of bullet, propellant, case, or primer."

21   (b) The definition in §101(d) of the SAFE act, is amended to add a new paragraph
22   (3) to read as follows:

23        "(d) "Antique firearm" means:

24             (1) any firearm (including any firearm with a matchlock, flintlock,
25             percussion cap, or similar type of ignition system) manufactured in or before
26             1898; or

27             (2) any replica of any firearm described in subparagraph (1) if such
28             replica:

29                  (A) is not designed or redesigned for using rimfire or
30                  conventional centerfire fixed ammunition, or

HOUSE BILL 19-181, SS1

1       (B) uses rimfire or conventional centerfire fixed ammunition

2       which is no longer manufactured in the United States and which is not

3       readily available in the ordinary channels of commercial trade; or

4       (3) any muzzle loading rifle, muzzle loading shotgun, or muzzle

5       loading pistol, which is designed to use black powder, or a black powder

6       substitute, and which cannot use rimfire or conventional centerfire fixed

7       ammunition, other than ammunition defined in §101(d)(2)(B). For purposes

8       of this subparagraph, the term "antique firearm" shall not include any weapon

9       which incorporates a firearm frame or receiver defined as a firearm under

10      Commonwealth or federal law, any firearm which is converted into a muzzle

11      loading weapon, or any muzzle loading weapon which can be readily

12      converted to fire rimfire or conventional centerfire fixed ammunition, other

13      than ammunition defined in §101(d)(2)(B), by replacing the barrel, bolt,

14      breechblock, or any combination thereof."

15  (c) A new subsection is added to § 101 of the SAFE act defining the term "dwelling"

16  of as follows:

17      "(_) "Dwelling" means: any building or portion thereof which contains living

18      facilities, including provisions for sleeping, eating, cooking, and sanitation."

19  (d) A new subsection is added to § 101 of SAFE defining the term "organization":

20      "(_) "Organization" means: a sole proprietorship, partnership, joint venture,

21      corporation, or other business entity, either for-profit or not-for-profit."

22  (e) The definition of "Addicted to a controlled substance" in § 101(a) of the SAFE act

23  is repealed and reenacted to read as follows:

24      "(_) "Addicted to a controlled substance" means: A person who uses a

25      controlled substance and has lost the power of self-control with reference to the use of

26      controlled substance; and any person who is a current user of a controlled substance

27      in a manner other than as prescribed by a licensed physician. Such use is not limited

28      to the use of drugs on a particular day, or within a matter of days or weeks before, but

29      rather that the unlawful use has occurred recently enough to indicate that the

30      individual is actively engaged in such conduct. A person may be an unlawful current

51

user of a controlled substance even though the substance is not being used at the precise time the person seeks to acquire a firearm or receives or possesses a firearm. An inference of current use may be drawn from evidence of a recent use or possession of a controlled substance or a pattern of use or possession that reasonably covers the present time, e.g., a conviction for use or possession of a controlled substance within the past year; multiple arrests for such offenses within the past 5 years if the most recent arrest occurred within the past year; or persons found through a drug test to use a controlled substance unlawfully, provided that the test was administered within the past year.  For a current or former member of the Armed Forces, an inference of current use may be drawn from recent disciplinary or other administrative action based on confirmed drug use, e.g., court-martial conviction, nonjudicial punishment, or an administrative discharge based on drug use or drug rehabilitation failure."

(f) The definition of "Law Enforcement" in § 101(w) of the SAFE act is amended to add a new paragraph (20) that reads:

"(20) The following duly sworn officers of the United States Government who are authorized to carry firearms while performing their duties:

(i) Federal Bureau of Investigation special agents;

(ii) Bureau of Alcohol, Tobacco and Firearms special agents;

(iii) Drug Enforcement Administration special agents;

(iv) United States Secret Service special agents;

(v) United States Department of Homeland Security special agents;

(vi) United States Postal Service inspectors;

(vii) Internal Revenue Service special agents;

(viii) United States Marshal's Service marshals and deputy marshals;

(ix) United States Department of Agriculture Forest Service law enforcement officers and special agents;

(x) United States Department of Interior Fish and Wildlife special agents;

(xi) United States National Marine Fisheries special agents;

(xii) National Park Service Rangers."

HOUSE BILL 19-181, SS1

1    (g) The definition in § 101(e) of the SAFE act is repealed and reenacted to read as

2    follows:

3        "(e) "Assault weapon" means:

4            (1) The following semiautomatic firearms:

5                (A) A semiautomatic rifle in a caliber greater than .223 that has

6            the capacity to accept a detachable magazine and any one of the

7            following:

8                    (i) A pistol grip that protrudes conspicuously beneath

9                the action of the weapon;

10                   (ii) A thumbhole stock;

11                   (iii) A folding or telescoping stock;

12                   (iv) A grenade launcher or flare launcher;

13                   (v) A flash suppressor; or

14                   (vi) A forward pistol grip;

15               (B) A semiautomatic pistol that has the capacity to accept a

16           detachable magazine and any one of the following:

17                   (i) A threaded barrel, capable of accepting a flash

18               suppressor, forward handgrip, or silencer, sound suppressor or

19               sound moderator;

20                   (ii) A second handgrip;

21                   (iii) A shroud that is attached to, or partially or

22               completely encircles, the barrel that allows the bearer to fire the

23               weapon without burning his or her hand, except a slide that

24               encloses the barrel; or

25                   (iv) The capacity to accept a detachable magazine at

26               some location outside of the pistol grip;

27               (C) Semiautomatic shotgun that has one or more of the

28           following:

29                   (i) A folding or telescoping stock;

(ii) A pistol grip that protrudes conspicuously beneath the action of the weapon;

(iii) A thumbhole stock; or

(iv) A vertical handgrip; and

(D) A semiautomatic shotgun that has the ability to accept a detachable magazine; and

(2) Any shotgun with a revolving cylinder; provided, that this subparagraph shall not apply to a weapon with an attached tubular device designed to accept, and capable of operating only with, .22 caliber rimfire ammunition; and

(3) Any firearm in a caliber greater than .223 that the Department of Public Safety may designate as an assault weapon by regulation based on a determination that the firearm would reasonably pose the same or similar danger to the health, safety, and security of the residents of the Commonwealth as those weapons enumerated in this paragraph.

(4) The term "assault weapon" shall not include:

(A) Any antique firearm; or

(B) Any weapon exempted by the Department of Public Safety, by regulation, that would otherwise fall within the definition of "assault weapon" pursuant to this section from being classified as an assault weapon."

(h) The definition in §101(i) of the SAFE act is amended to read as follows:

"(i) "Container" means a secure container that is fully enclosed and locked by a padlock, key lock, combination lock, or similar locking device. The term "locked container" does not include the utility compartment, glove compartment, or any other compartment accessible from within the passenger compartment of a motor vehicle."

(i) The definition in 101(q)(3) is amended to read as follows:

"(3) any pneumatic gun, spring gun, paint ball gun, or B-B gun which expels a single projectile not exceeding 8mm in diameter;"

(j) Section 202 is amended to read as follows:

54

Public Law No. 19-73

HOUSE BILL 19-181, SS1

1    "(a) Unless permitted by subsection (b), any person who allows a minor,
2    defined as any person less than 21 years of age, to use or possess a firearm, shall be
3    guilty of a misdemeanor punishable by a fine of not more than one thousand dollars
4    and 180 days imprisonment, or both.

5    (b) Notwithstanding any other law to the contrary, it is lawful for a minor to
6    possess a firearm if:

7    (1) The firearm is properly registered in accordance with
8    Commonwealth law; and

9    (2) The minor is twelve years of age or older and is accompanied by a
10   parent or legal guardian, who is in the possession of a Firearm Owner's
11   Identification Card, and the minor is actively engaged in, or is in direct transit
12   to or from, a lawful, recreational sport, including, but not limited to,
13   competitive shooting, or agricultural, ranching, or hunting activity, or a
14   motion picture, television, or video production, or entertainment or theatrical
15   event, the nature of which involves the use of a firearm; or

16   (3) The minor is twelve years of age or older, and has the prior written
17   consent of a parent or legal guardian, and is accompanied by a responsible
18   adult, who is in possession of a Firearm Owner's Identification Card, and the
19   minor is actively engaged in, or is in direct transit to or from, a lawful,
20   recreational sport, including, but not limited to, competitive shooting, or
21   agricultural, ranching, or hunting activity, or a motion picture, television, or
22   video production, or entertainment or theatrical event, the nature of which
23   involves the use of a firearm; or

24   (4) The minor is eighteen years of age or older and is accompanied by
25   a responsible adult, who is in possession of a Firearm Owner's Identification
26   card, and the minor is actively engaged in, or is in direct transit to or from, a
27   lawful, recreational sport, including, but not limited to, competitive shooting,
28   or agricultural, ranching, or hunting activity, or a motion picture, television, or
29   video production, or entertainment or theatrical event, the nature of which
30   involves the use of a firearm."

Public Law No. 19-73

HOUSE BILL 19-181, SS1

1    (j) Section 203 is amended to read as follows:

2        "§203. A person who knowingly or intentionally sells, transfers, or distributes

3    a firearm, dangerous device, destructive device, or ammunition to a person under

4    21 years of age who does not possess a valid Firearm Owner's Identification Card

5    shall be fined not more than $25,000 or imprisoned for not more than 10 years, or

6    both."

7    (k) The first clause of Section 204(a) is amended to read as follows:

8        "(a) No person shall keep a firearm within a residence, a place of business, or on

9    private land unless:"

10    (l) Section 205 is amended by creating a new subsection which shall read as follows:

11        "(_) This section does not authorize a person to carry a firearm in a Gun Free

12    Zone, as defined by § 401 of PL 19-42."

13    (m) Subsections (a), (a)(5), and (a)(18) of §401 are amended to read as follows:

14        "(a) No person in the Commonwealth, other than duly authorized law

15    enforcement officers in the exercise of their duties, shall knowingly possess a firearm

16    in any of the following places:

17            (5) Within five hundred feet of any daycare center or any portion of a

18        building used as a child care facility without the consent of the manager or

19        owner. Nothing in this subsection shall prevent the operator of a

20        daycare center or child care facility from owning or possessing a firearm;

21            (18) Any private property whose owner, lessee, or manager has posted

22        the premises as being off-limits to firearms by means of one or more signs

23        displayed in a conspicuous place of a minimum size of eleven inches by

24        fourteen inches with the writing thereon in letters of not less than one inch.

25        At a minimum, the sign must convey that the property is a Gun Free Zone and

26        that it is a felony to possess a firearm on the property. The owner, business or

27        commercial lessee, manager of a private business enterprise, or any other

28        organization, entity, or person may prohibit persons from carrying firearms on

29        the premises and may prohibit employees, not authorized by the employer,

30        from carrying firearms on the property of the employer. An employer may

HOUSE BILL 19-181, SS1

1    prohibit employees or other persons from carrying a firearm in vehicles owned
2    by the employer."
3    (n) Section 401 is amended by adding new subsections (b) and (c) which shall read as
4    follows:
5    "(b) Where permitted by subsection (a) of this section, the head of the
6    government agency occupying a government building or government property has the
7    sole authority to grant its security personnel permission to carry firearms in the
8    Gun Free Zone.
9    (c) Where permitted by subsection (a) of this section, the chief executive
10    officer of a business has the sole authority to grant its security personnel permission
11    to carry firearms in the applicable Gun Free Zone."
12    **Section 11. <u>Amendment</u>.**   Subject to codification by the Law Revision Commission,
13    Title 1, Division 2, Part 1, Chapter 10, Article 1 is amended by adding a new section which
14    shall read as follows:
15    "( ) <u>Enforcement of Commonwealth Law</u>.
16    Any law enforcement officer employed by the Commonwealth government
17    may issue a citation, make a stop based on reasonable suspicion, make an arrest, and
18    exercise the full law enforcement power of the Commonwealth without regard to the
19    jurisdiction of the agency employing the law enforcement officer."
20    **Section 12. <u>Amendment</u>.**  Subject to codification by the Law Revision Commission,
21    1 CMC § 2505 is amended by adding a new subsection (b) to read as follows:
22    "(a) The Department of Public Safety may employ staff as required to assist it
23    in performing its duties, subject to budgetary appropriation.
24    (b) The Commissioner for the Department of Public Safety may deputize law
25    enforcement officers as required to assist the Department of Public Safety in the
26    performance of its duties."
27    **Section 13. <u>Severability</u>.** If any provision of this Act or the application of any such
28    provision to any person or circumstance should be held invalid by a court of competent
29    jurisdiction, the remainder of this Act or the application of its provisions to persons or
30    circumstances other than those to which it is held invalid shall not be affected thereby.

HOUSE BILL 19-181, SS1

1    **Section 14  <u>Savings Clause</u>.**  This Act and any repealer contained herein shall not be
2    construed as affecting any existing right acquired under contract or acquired under statutes
3    repealed or under any rule, regulation, or order adopted under the statutes.  Repealers
4    contained in this Act shall not affect any proceeding instituted under or pursuant to prior law.
5    The enactment of the Act shall not have the effect of terminating, or in any way modifying,
6    any liability, civil or criminal, which shall already be in existence on the date this Act
7    becomes effective.

Public Law No. 19-73

HOUSE BILL 19-181, SS1

1    Section 15. **Effective Date**. This Act shall take effect upon approval by the Governor

2    or upon becoming law without such approval.

Attested to by:  _____
                 **Linda B. Muña, House Clerk**

Certified by:    _____
                 **SPEAKER RAFAEL S. DEMAPAN**
                 *House of Representatives*
                 *19ᵗʰ Northern Marianas Commonwealth Legislature*

Approved this 1ˢᵗ day of _____ December _____, 2016

_____
**RALPH DLG. TORRES**
*Governor*
*Commonwealth of the Northern Mariana Islands*

59